# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| William Francis Roush,<br>Plaintiff<br>-vs-<br>Charles L. Ryan, et al.,<br>Defendants. | CV-11-0286-PHX-SRB (JFM)<br><br>**Report & Recommendation** |

Under consideration is Defendant's Motion for Sanctions, filed February 26, 2013 (Doc. 251). Plaintiff filed a Response on March 11, 2013 (Doc. 267), and Defendant filed a Reply on March 21, 2013 (Doc. 289). District Judge Bolton filed an Order on April 10, 2013 (Doc. 318) overruling objections to various procedural rulings related to the Motion for Sanctions.

This matter is before the undersigned on referral from the District Judge, and the determination of the undersigned is dispositive of some of Plaintiff's claims. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. §28(b)(1)(B) and (C).

**Background** – On December 11, 2012, the Court granted Defendant's Motion to Compel (Doc. 163) and ordered Plaintiff to serve on Defendants by December 18, 2012 "an original, fully executed 'Medical Authorization for Release of Information and Documentation' in the form attached as Exhibit G to Defendant's Motion (Doc. 163)." (Order 12/11/12, Doc. 196 at 4.)

On December 18, 2012, Plaintiff filed an Objection (Doc. 205) to that Order. On January 7, 2013, District Judge Bolton overruled Plaintiff's objections and affirmed the order compelling the provision of the release. (Order 1/17/13, Doc. 211.)

On January 24, 2013, Defendants filed a motion to extend (Doc. 220) the dispositive motions deadline, citing as cause Plaintiff's failure to comply with the order concerning the medical records release.  Accordingly, the Court granted the motion to extend, and in light of the delay occasioned by the objection, set a specific deadline of February 4, 2013 for Plaintiff's compliance.  Plaintiff was ordered to either serve the release or show cause for his failure to do so.  (Order 1/25/13, Doc. 221.)

On January 30, 2013, Plaintiff filed his Response to Order to Show Cause (Doc. 225), asserting various reasons for his failure to comply with the Court's order and provide the release.  Plaintiff still did not serve the release.  In an Order filed February 12, 2013 (Doc. 235) the Court found that Plaintiff had failed to show cause for his failure to comply with the Court's Order, and set a seven day deadline for a motion for sanctions.

Defendant subsequently sought an extension of the deadline (Doc. 243), which was granted, giving Defendant until February 26, 2013 to file his motion for sanctions. (Order 2/19/13, Doc. 245.)  Plaintiff filed an Objection (Doc. 249) to the extension, and on February 27, 2013, filed an amended Objection (Doc. 258).  On April 10, 2013, District Judge Bolton overruled that objection.  (Order 4/10/13, Doc. 318.)

To date, Plaintiff has not complied with the Court's Order by serving his medical records release.

**Motion** – Defendant seeks dismissal of this action pursuant to Federal Rules of Civil Procedure 37(b)(2)(A) and 41(b) as a sanction for Plaintiff's continuing failure to comply with the Court's order.  Defendant argues that dismissal is an appropriate sanction because Plaintiff's actions have unreasonably delayed the litigation, has interfered with the Court's ability to manage its docket, has prejudiced Defendant in defending against Plaintiff's claims for medical injuries, prevented disposition of this case on its merits, and less onerous sanctions are unlikely to be effective in light of Plaintiff's continued refusal.

Plaintiff has responded (Doc. 267) arguing a host of reasons why sanctions should

not be granted. Plaintiff included in his response a Motion to Strike (Doc. 268) the Motion for Sanctions. In an Order filed March 12, 2013 (Doc. 271), the Court denied the motion to strike.

On March 21, 2013, Defendant filed his Reply, arguing that sanctions were not sought under Rule 11, and addressing Plaintiff's arguments on the propriety of sanctions.

The undersigned will address Plaintiff's general objections to the propriety of sanctions, and then address the appropriateness of sanctions.

**Propriety of Sanctions** – Plaintiff asserts a host of reasons why any sanctions are inappropriate. They are largely red herrings, and will be addressed serially.

<u>Merits of Order Compelling Release</u> - Plaintiff attacks the merits of the order compelling production of the release. (Response, Doc. 267 at 1-4.) Plaintiff has objected to that Order, and the objection has been overruled and the order affirmed. (Order 1/17/13, Doc. 211.) Assuming the undersigned retained authority to reject an order affirmed by the District Judge, Plaintiff proffers no reason to do so, but merely reasserts arguments previously rejected.

<u>Transcript of Discovery Conference</u> – Plaintiff argues the failure of the Court to provide transcripts of the discovery conference to show that the Court "'threatened' Plaintiff with sanctions" (Response, Doc. 267 at 3.) Plaintiff fails to show what relevance the purported "threat" has to the propriety of sanctions for failure to comply with a subsequent order. Moreover, the Court may properly warn (or even threaten) a party with prospective sanctions or other actions. Doing so simply alerts a party to the rules and the consequences of certain courses of action. Indeed, any such "threat" would have been prescient in this case, given Plaintiff's conduct leading up to the instant motion. Plaintiff would have been well served to have taken note.

Moreover, Plaintiff fails to establish how any such threat has resulted in his failure to comply with the Court's Order, or affects the propriety of sanctions or the nature of those sanctions.

<u>Setting Deadlines</u> – Plaintiff complains that the Court improperly set deadlines for

3

a motion for expenses on the motion to compel and for a motion for sanctions and failed to specify the sanctions. (Response, Doc. 267 at 4-5.) Plaintiff seems to equate deadlines as predetermination of the propriety of motions. To the contrary, the Court routinely sets deadlines for various motions which it anticipates being filed as method of controlling its docket and achieving the goal of Rule 1 of a "just, speedy, and inexpensive determination" of the action.

Plaintiff's argument that the Court should have suggested the nature of sanctions ahead of time is not only unsupported by the Rules or any law, but runs counter to Plaintiff's argument that the Court should not have acted *sua sponte*. Further, Plaintiff suggests no prejudice from any such failure.

<u>Order to Show Cause Response</u> – Plaintiff argues that he responded to the order to show cause. (Response, Doc. 267 at 5.) Indeed, Plaintiff did. But, the Court determined that he failed to show good cause for his failure to comply with the Order compelling the release. Plaintiff's compliance with the order compelling is not satisfied by simply asserting rejected justifications. Had Plaintiff even complied after the rejection of his attempt to show cause, then his argument might have traction. But he has yet to comply, and instead simply continues to oppose the order compelling.

<u>Rulings on Other Motions</u> – Plaintiff complains the Court improperly extended the dispositive motions deadline, and should have granted Plaintiff's motions to compel. (Response, Doc. 267 at 5-6.) Plaintiff complains that Defendant failed to contest Plaintiff's objection to extension of the deadline for a motion for sanctions. (Response, Doc. 267 at 7.)

Plaintiff fails to connect those orders to the propriety of sanctions for Plaintiff's failure to comply with the order compelling discovery. Moreover, Plaintiff's objections to those orders have been overruled. (Order 4/10/13, Doc. 317; Order 4/10/13, Doc. 318.)

<u>Applicability of Rule 37(b)</u> – Plaintiff argues Rule 37(b) does not apply because Plaintiff was not being deposed and was not found in contempt, Plaintiff's deposition

4

was not properly conducted, and Defendant did not properly seek sanctions under Rule 37(a) as ordered. (Response, Doc. 267 at 6-7.) Plaintiff improperly reads paragraph (1) of Rule 37(b) as limiting paragraph (2). The former governs sanctions arising out of a deposition, the latter to other discovery failures. The sanctions sought by Defendant do not arise from Plaintiff's failure to respond during his deposition, but from his failure to comply with the Court's discovery order. Those sanctions are governed by paragraph (2)(A), which does not require a finding of contempt nor the involvement of a deposition (properly or improperly conducted).

Plaintiff argues that Defendant was ordered to seek sanctions under Rule 37(a), not Rule 37(b). (Response, Doc. 267 at 7.) To the contrary, the Court has not ordered Defendant to seek any remedies. Rather, the Court simply set deadlines for both a request for expenses under Rule 37(a) and for sanctions under Rule 37(b). The instant motion properly seeks relief under the latter.

<u>Other Discovery Issues</u> – Plaintiff complains that Defendant failed to comply with Plaintiff's discovery requests. (Response, Doc. 267 at 7.) Plaintiff raised the same objection in his response to the motion to compel his medical record release. The Court observed: "Discovery requests are not debts to be offset against each other." (Order 12/11/12, Doc. 196 at 1.) That remains true.

Moreover, Defendant's compliance with discovery has been addressed in the ruling denying Plaintiff's various motions to compel, and the order overruling the objections to that order. (*See* Order 2/1/13, Doc. 227; Order 4/10/13, Doc. 317.)

<u>Compliance with Rule 11</u> – Plaintiff argues that he has Plaintiff has complied with Rule 11, the Court has not complied with its procedural requirements, and the Court may not apply sanctions under Rule 11 *sua sponte*. (Response, Doc. 267 at 8-9.)

It is true that Defendant discussed Rule 11 in his Motion for Sanctions, but he did so by way of background addressing the general authority of the courts to sanction unreasonable behavior. (Motion, Doc. at 4-5.)

Sanctions under Rule 11 have not yet been considered by the Court in relation to

Plaintiff's filings, and such sanctions are not considered in this Report and Recommendation. Accordance, compliance with Rule 11 by Plaintiff, Defendant, or the Court, is irrelevant to the instant motion.

Objections – Plaintiff complains that his objections to the Court's orders had not been properly addressed. (Response, Doc. 267 at 8.) They now have been. (*See* Order 4/10/13, Doc. 317; Order 4/10/13, Doc. 318.)

**Propriety of Sanctions** – Rule 37(b) authorizes the Court to issue "further just orders" when a party "fails to obey an order to provide or permit discovery." Here, Plaintiff has continuously failed to obey the Court's order to provide his medical records release.

Plaintiff argues he provided a release in June of 2012. (Response, Doc. 267 at 2-3.) That release was not adequate (being limited in time to October 5, 2009 to September 3, 2010, and did not meet the Court's Order of December 11, 2012 that Plaintiff serve on Defendants by December 18, 2012 "an original, fully executed 'Medical Authorization for Release of Information and Documentation' in the form attached as Exhibit G to Defendant's Motion (Doc. 163)." (Order 12/11/12, Doc. 196 at 4.) That form sought records since September 6, 2006 through the present.

"Rule 37 sanctions, including dismissal, may be imposed where the violation is due to willfulness, bad faith, or fault of the party. Disobedient conduct not shown to be outside the litigant's control meets this standard." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1233 (9th Cir. 2006)

Plaintiff has simply not complied with the Court's Order. He has not proffered anything to suggest that this failure was outside his control. At best, he has asserted a laundry list of faulty justifications, which even when addressed by the Court have not altered his behavior. Thus, the undersigned finds that Plaintiff's failure to comply has been and remains willful.

Therefore, sanctions are appropriate.

**Appropriate Sanctions** – Defendants seek dismissal as the sanction. Rule

37(b)(2)(A)(v) provides that sanctions may include "dismissing the action or proceeding in whole or in part." Dismissal under Rule 37(b), "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (internal quotations and citations omitted).

"A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). *See In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d at 1233 (applying *Malone* factors to dismissal for violation of discovery orders under Rule 37).

Expeditious Resolution – The Ninth Circuit has observed that "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

Plaintiff attempts to counter this by arguing that the Court's minute entry following the telephonic discovery conference was not a signed order. (Response, Doc. 267 at 10.) However, Plaintiff is not being sanctioned for failure to comply with that minute entry, which did not attempt to resolve the propriety of Defendant's demand for a medical records release, but rather merely set deadlines to bring the matter to a head. Rather, Plaintiff is being sanctioned for his failure to comply with the subsequent Order (Doc. 196) on Defendant's Motion to Compel. That Order was duly signed.

Plaintiff again argues he provided a release in June of 2012 (Doc. 66). (Response, Doc. 267 a 10.) As discussed hereinabove, that release did not satisfy the Court's order.

Here, Plaintiff's failure to comply with the Court's Order has brought the progress

of this case, whether by trial or dispositive motion, to a standstill.

Accordingly, the undersigned finds that this factor leans in favor of dismissal.

<u>Docket Management</u> – Plaintiff's failure to comply has similarly hampered the Court's ability to manage its docket. The Court has had to repeatedly extend and then vacate its dispositive motions and pretrial motions deadlines as a result. (*See* Order 1/25/13, Doc, 221; Order 3/15/13, Doc. 281.)

Plaintiff argues that it is Defendant, not Plaintiff, who has failed to obey the rules and thus delayed the case. Plaintiff complains that the delays have resulted from the magistrate judge's prejudicial actions against Plaintiff, and mismanagement of the Court's docket. The record in this case disposes of those arguments.

Defendants have not been found to have violated the rules in any substantive respect, and the undersigned has worked diligently, proactively, and dispassionately to press this matter forward. Despite those efforts, Plaintiff's intransigence on his medical records has brought the case to a halt.

"[D]ismissal serves…the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the docket." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d at 1234.

Accordingly, the undersigned finds that this factor leans in favor of dismissal.

<u>Risk of Prejudice to Defendant</u> – Defendant argues that Plaintiff insists on seeking compensation for physical injuries, and yet admits that his physical condition has been impacted by events outside the time period in which he has proffered a release of records.[1] As a result, Defendant argues, his ability to defend against Plaintiff's claims has been impaired. (Motion, Doc. 251 at 8-9.)

Plaintiff argues that it is Defendant, not he, who has delayed the action, and that any delay caused by Plaintiff has not been undue or unreasonable. (Response, Doc. 267

---

[1] This argument and finding are based on Plaintiff's testimony at his deposition. Plaintiff argues that the deposition was not properly conducted. (Response, Doc. 267 at 12.) Those arguments have since been rejected. (*See* Order 4/4/13, Doc. 309.)

at 11-12.)

"In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131.

Delay is but one flavor of prejudice. "[T]he law presumes injury from unreasonable delay," and thus it is "not necessary for the court to find that there was a specific impairment of appellees' defenses" in the face of such delay. *States S. S. Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970).

Here, it is not simply a question of delay affecting Defendant. Rather, Plaintiff's ongoing refusal to obey the Court's order has directly impaired Defendant's ability to defend the case, *e.g.* by establishing whether Defendant's purported injuries and medical condition resulted from Defendant's conduct or some other cause.

Nonetheless, the ongoing delay is unreasonable and undue. Plaintiff has not proffered a legitimate reason for his ongoing failure to comply with the Court's Order. A *pro se* litigant may afforded some leeway in wending his way through litigation, to assert what might readily appear fruitless assertions to one trained in the law. Here, however, Plaintiff has not only engaged in a pattern of continually contesting matters on grounds previously rejected, but more specifically has failed to comply with the Court's order compelling his records release in the face of repeated rulings that his objections were baseless.

Even if Plaintiff were to now proffer his release, the harm would not be fully cured. "Failure to produce information without a good reason increases the risk of prejudice from unavailability of witnesses and loss of records." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d at 1234. Even still, this litigation should not be protracted on the hopes that Plaintiff may eventually see the light, where he has repeatedly refused to do so.

Plaintiff further suggests that defense counsel has behaved unethically. (Response, Doc. 267 at 12.) Plaintiff fails to support this claim, or to show how it avoids

a finding of prejudice from Plaintiff's failure to obey the Court's order. To the extent that Plaintiff bases this on his objections to the procedures at this deposition, the Court has since rejected those claims. (*See* Ordeer 4/4/13, Doc. 309.)

Accordingly, the undersigned finds that this factor leans in favor of dismissal.

<u>Disposition on the Merits</u> – Normally, a dismissal as a sanction precludes resolution of a case on its merits. Defendant argues, however, that where (as here) the sanctions are to be imposed for an ongoing refusal to provide discovery, the reverse is true - - that not dismissing will leave Defendant to litigate the matter without full exploration of the merits. (Motion, Doc. 251 at 9.)

Ordinarily, the Court could find that other remedies could be fashioned that would not subject Defendant to such a predicament. For example, the Court could simply restrict Plaintiff to general damages, and preclude any damages based upon a showing of physical injury. Here, however, as a prisoner, Plaintiff is required to show physical injury to even maintain this action. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Thus, Plaintiff's entire ability to proceed hinges on whether he in fact suffered the physical injuries he alleges. Without the withheld records, Defendant cannot have that issue resolved on its merits.

Similarly, the Court could simply bypass the records release, and order the Arizona Department of Corrections to release Plaintiff's records directly. "During the course of litigation, HIPAA authorizes several options for obtaining medical records from healthcare professionals, including court orders, subpoenas, or formal discovery requests pursuant to adequate protective order." *Crenshaw v. MONY Life Ins. Co.*, 318 F.Supp.2d 1015, 1028 (S.D.Cal.,2004). However, the Court has rejected such an approach in this case as a means to minimize the costs of the litigation. (*See* Order 12/11/12, Doc. 196 at 3.) Moreover, the release approach leaves Plaintiff in the driver's seat to choose between prosecuting his claims or maintaining his privacy. Plaintiff has

made that choice by refusing to comply with the Court's Order.

Plaintiff argues that this factor does not call for dismissal because Defendant has failed to provide discovery and permit resolution on the merits. (Response, Doc. 267 at 15.) Plaintiff's assertions have been rejected. (*See* Order 2/1/13, Doc. 227; Order 4/10/13, Doc. 317.)

Accordingly, the undersigned finds that this factor leans in favor of dismissal.

<u>Less Drastic Alternatives</u> – Finally, the Court must consider whether there are less drastic alternatives to dismissal, such as "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, dismissal of the suit unless new counsel is secured, preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel." *Malone*, 833 F.2d 132 n. 1 (quoting *Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n. 6 (3d Cir.1982)) (internal quotations and omissions omitted).

Defendant argues that the repeated opportunities given to Plaintiff to comply establish that other remedies will not be effective. (Motion, Doc. 251 at 9-10.)

Indeed, given Plaintiff's pattern of conduct (both with respect to the order compelling and in the proceedings overall), the undersigned finds no reason to expect that anything short of an order of dismissal will convince Plaintiff that he should acquiesce and provide the ordered release. As noted above, other remedies designed to avoid prejudice to Defendants, such as limiting Plaintiff's claims or circumventing the release, are not effective or preferable in the face of Plaintiff's privacy interests. Plaintiff's *in forma pauperis* and incarcerated state makes it very unlikely that fines, expense awards, etc. will have any impact on Plaintiff. Plaintiff's *pro se* status provides no opportunity for remedies directed to counsel.

Oddly (in light of his complaints of "threats"), Plaintiff argues that the Court failed to warn Plaintiff of the possibility of sanctions, including dismissal, for his failure to comply with the Court's orders. (Response, Doc. 267 at 16.) To the contrary,

11

Plaintiff was "encouraged to consult Federal Rule of Civil Procedure 37(b) for the sanctions applicable to failure to comply with a discovery order." (Order 1/25/13, Doc. 221 at 1.) Dismissal is an explicitly listed sanction. *See* Fed.R.Civ.Proc. 27(b)(2)(a)(v).

Finally, Plaintiff again complains of Defendant's conduct in responding to his discovery requests, alleges the undersigned and defense counsel have withheld evidence and thus are witnesses, and are prejudiced against his case, and that Plaintiff's claims have merit. (Response, Doc. 267 at 16-18.) None of those arguments, even if they had merit, would show the availability of a less drastic solution than dismissal. Moreover, they have all been previously addressed and rejected by the Court.

Accordingly, the undersigned finds that there is no effective, less drastic solution than dismissal.

<u>Summary re Sanctions</u> – Based upon the foregoing, the undersigned finds that each of the relevant factors weigh in favor of dismissal as the appropriate sanction.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion for Sanctions, filed February 26, 2013 (Doc. 251) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that as a sanction for Plaintiff's failure to comply with the Court's Order filed December 11, 2012 (Doc. 196) that this case be **DISMISSED**.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the magistrate judge will be

considered a waiver of a party's right to de novo consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the magistrate judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: April 11, 2013

/s/ James F. Metcalf
United States Magistrate Judge

11-0286-251o Order 13 04 11 on Motion for Sanctions.docx